**ORIGINAL**

FILED
COURT

2011 NOV 17 AM 10: 34

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CF0592-10 |
| v. | ) |
| | ) DECISION AND ORDER ON |
| VALENS VALENTINO, | ) DEFENDANT'S MOTION FOR |
| | ) DIVERSION, MOTION TO REDUCE |
| Defendant. | ) CHARGES, AND MOTION TO STRIKE |
| | ) SUBMISSION OF SEALED CPS RECORDS |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on June 14, 2011, on three motions submitted by Defendant Valens Valentino: motion for diversion; motion to reduce two charges from felony to misdemeanor; and motion to strike submission of sealed records for in camera review. Attorney Maria G. Fitzpatrick represented the defendant and Attorney Elizabeth S. Vasiliades represented the People of Guam. Having considered the parties' written and oral arguments and the applicable law the Court now issues its Decision and Order.

### FACTUAL HISTORY

On October 15, 2010 a grand jury returned an indictment charging the defendant with family violence (as a 3rd degree felony), aggravated assault (as a 2nd degree felony), child abuse (as a 3rd degree felony), and assault (as a misdemeanor). The charges stem from an incident in which the defendant allegedly struck his thirteen year old son with a belt and his fists and dragged the boy across the parking lot by his leg. On October 20, 2010, the defendant filed a motion for discovery. On October 21, 2010 the prosecution provided initial discovery. On November 16, 2010, the prosecution submitted confidential reports prepared by Child Protective

-1-

Services (CPS) for *in camera* inspection to allow this Court to determine whether the records contain discoverable material which should be disclosed to the defendant.

## DISCUSSION

The defendant presents three issues for the Court's consideration. First the defendant asserts that he is statutorily eligible for the diversion process and requests that his charges be diverted from criminal proceedings. If his diversion application is denied, the defendant then requests that his felony family violence and aggravated assault charges be reduced to misdemeanor offenses. Finally, the defendant argues that the confidential CPS materials should be stricken from the record. After reviewing the defendant's arguments and the applicable law, the Court finds that diversion is not appropriate in this case, that there is no basis for reducing the charges, and that the CPS materials were properly submitted to this Court by the People

### I. *Motion for Diversion*

Any defendant who is not specifically ineligible for diversion under title 9, section 30.80(a) of the Guam Code may apply to the court for an order granting diversion. 9 GCA § 30.80(e) (2005). Under section 30.80(a), a defendant is statutorily ineligible where the defendant's current charge involves serious bodily injury as defined in title 9, section 16.10(c) of the Guam Code. 9 GCA § 30.80(a). Section 16.10(c) defines "serious bodily injury" as "bodily injury which creates: serious permanent disfigurement; a risk of death or serious, permanent disfigurement, severe or intense physical pain or protracted loss or impairment of consciousness or of the function of any bodily member or organ[.]" 9 GCA § 16.10(c)

The defendant argues that he is not ineligible for diversion because the victim's injuries do not amount to a serious bodily injury. However, the defendant does not offer any evidentiary support for his argument. Based on the Attorney General's Declaration – the only relevant document in the record – this Court agrees that the victim does not appear to have suffered a

-2-

protracted loss or impairment of consciousness or a risk of impaired function of an organ, nor was there a risk of death or serious permanent disfigurement. However, support exists for the premise that the victim suffered severe or intense physical pain sufficient to constitute serious bodily injury. According to the Declaration, the victim was whipped with a belt, struck in the face, and dragged across a parking lot by his leg. Responding officers reported that the victim's injuries were serious and required medical attention. The defendant was charged with aggravated assault for having caused serious bodily injury and the grand jury found reasonable cause to return an indictment on this charge. Given the description of the injuries and nature of the defendant's conduct there is sufficient support for the prosecution's claim that the victim suffered severe bodily injury in the form of severe or intense physical pain, thereby rendering the defendant statutorily ineligible for diversion.

## II.    Motion to Reduce Felony Charges

Next, the defendant asks this Court to reduce both his felony family violence and his felony aggravated assault charges to misdemeanors.

### a. The Family Violence Charge

Title 9, sections 30.20(b) and (c) of the Guam Code grant a trial court the discretion to reduce a felony family violence charge to a misdemeanor. These statutory provisions state:

> (b) Upon a written, noticed motion . . . the defendant may move that a felony charge filed pursuant to this § 30.20 be reduced to a misdemeanor. Whether any charge shall proceed as a misdemeanor or a felony rests within the discretion of the court.

> (c) In determining whether any felony charge filed pursuant to this § 30.20 should be reduced to a misdemeanor, the court shall consider the following factors, among others:

> 1. The extent or seriousness of the victim's injuries;

> 2. The defendant's history of violence against the same victim whether charged or uncharged;

-3-

3. The use of a gun or other weapon by the defendant;

4. The defendant's prior criminal history;

5. The victim's attitude and conduct regarding the incident;

6. The involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and

7. The defendant's history of and amenability to counseling.

9 G.C.A. § 30.20(b), (c)(1)-(7). However, section §30.20(d) states:

[i]f the court, after hearing, finds substantial evidence that a victim suffered serious bodily injury as defined in subsection (c) of § 16.10 of this title, no felony filed under this § 30.20 shall be reduced to a misdemeanor unless the court finds that due to unusual circumstances a reduction of the charge is manifestly in the interest of justice.

9 GCA § 30.20(d). The defendant claims in his moving papers that the above factors weigh in favor of a reduction of the charges. And though the defendant's memorandum of points and authorities does not contain any argument or evidence in support of his claim, he does indicate that he would offer support at the hearing. (Def.'s Mem. Supp. M. to Reduce Charges, 4) However, the defendant did not, in fact, present any argument or evidence at the hearing related to his motion to reduce.

Notwithstanding the defendant's failure to support his own motion, this Court analyzes the above statutory factors based on information and evidence in the record and concludes that reduction of the charges is not appropriate. Certain factors do weigh in favor of reducing the charges. For instance, there is no indication that the defendant has any prior history of violence. Moreover, the incident did not involve any allegations of alcohol or other substance abuse, though the defendant's prior criminal history indicates an arrest for DUI. As for the seventh factor, there is some indication that the defendant would be amenable to counseling as he has

-4-

apparently completed anger management counseling. And as for the fifth factor, there is no evidence regarding the defendant's attitude and conduct regarding the incident other than the fact that he entered anger management, which weighs slightly in favor of the defendant.

The first and third factors, however, both weigh heavily against reducing the family violence charge to a misdemeanor. According to the Attorney General's Declaration, the minor victim received what responding officers considered to be "severe physical injuries" that required the victim to be transported to Guam Memorial Hospital for medical attention. The allegations suggest that the defendant inflicted at least some of the injuries by whipping the minor with a belt. Although the record may not establish "substantial" evidence of serious bodily injury sufficient to preclude a reduction of the charges under section 30.20(d), the Court finds that the extent of the alleged injuries and the alleged use of a belt warrant denial of the defendant's request for a reduction of the charges.

The defendant offers a second argument for reduction of the family violence charge in which he claims that this charge, as drafted, does not contain any "verbiage" to indicate its felony nature based upon the section 30.20(c) factors. As described above, this section provides guidance to a *court* when determining a request by a defendant to reduce his charge, and nothing in this or any other section requires that the prosecution describe its reasons for charging the crime of family violence as a felony rather than a misdemeanor. Unlike other criminal provisions that state specific requirements necessary to elevate the charge to felony status and which must be accordingly pleaded, section 30.20(a) leaves it up to the discretion of the prosecution: "Any person who intentionally, knowingly, or recklessly commits an act of family violence, as defined in § 30.10 of this Chapter, is guilty of a misdemeanor, *or of a third degree felony.*" 9 GCA § 30.20(a) (emphasis added). And though a prosecutor should, of course, consider the factors in §

30.20(c) when determining the appropriate charge so as to ensure that a court will not overturn her decision, see People v. Perez, 1999 Guam 2 ¶ 12, the fact that a prosecutor does not provide a a written description of her reasons within the indictment or elsewhere is not a valid basis for reducing the charge.

### b. The Aggravated Assault Charge

The defendant also argues that his aggravated assault charge should be reduced to a misdemeanor. That charge provides:

> On or about October 5, 2010, in Guam, VALENS VALENTINO did commit the offense of *Aggravated Assault*, in that he did recklessly cause serious bodily injury to another, that is, V.K.V. in violation of 9 GCA § 19.20(a)(2).

(Indictment, Criminal Case No. CF0592-10). The defendant claims that the prosecution offers no evidence to support the allegation of serious bodily injury and therefore the charge should be reduced to a misdemeanor. However, the defendant offers no legal authority that would allow this Court to reduce a felony aggravated assault charge to a misdemeanor. In contrast to title 9, section 30.20 of the Guam Code, which explicitly allows for a felony family violence charge to be reduced to a misdemeanor, nothing in chapter 19 of the same title confers similar authority upon a court to reduce an aggravated assault charge to misdemeanor assault. The prosecution exercised its discretion in charging the crime as a felony and supports this decision with allegations that the defendant caused serious bodily injury to another. The prosecution need not offer evidence or present its evidence prior to trial. Unless there is simply no evidence to support the grand jury's reasonable cause finding that the defendant committed the alleged acts – an argument not presented by the defendant – this Court need not employ its time and resources analyzing an issue that must ultimately be decided by the trier of fact following a trial.

### III. Motion to Strike Confidential CPS Records

On November 16, 2010, the prosecution submitted confidential CPS records to the Court for *in camera* review to allow the Court to determine whether the documents contain information material to the defense. The defendant objects to the submission arguing that the prosecution should have provided the report as part of discovery, that the submission of the CPS records constitutes contempt of court because it violates a court Order sealing the corresponding PINS case,[1] and that submission of the records without providing the documents to the defendant constitutes an improper ex-parte communication. The prosecution asserts that the submission of confidential material to the Court, rather than to the defendant, was proper and in conformance with its ongoing obligation to provide discovery.

At the outset, this Court notes an apparent discrepancy in the defendant's arguments. The defendant asserts that the records should not have been provided because they constitute evidence in a case that was sealed as provided by title 19, section 13311(a) of the Guam Code. However, the defendant also argues that he is entitled to receive the entire CPS file because it represents discoverable material that was requested by the defendant. Section 13311(a) states:

> Any testimony or other evidence produced by a party in a child protective proceeding under this Chapter which would otherwise be unavailable may be ordered by the court to be inadmissible as evidence in any other territorial civil or criminal action or proceeding, if the court deems such an order to be in the best interests of the child.

19 GCA § 13311(a). As discussed below, the defendant is statutorily entitled to view CPS records. Furthermore, the Court is statutorily entitled to view the records and provide certain confidential material to a party. Therefore, the CPS records here are not "otherwise unavailable" to the defendant and the defendant is not barred from receiving such records by a court order

---

[1] The Order to Seal Case in Case No JP736-10 provides that "this matter is sealed and ... any testimony, admissions or evidence produced by a party in these proceedings shall be inadmissible as evidence in any other territorial civil or criminal action or proceeding."

applying section 13311(a). Based on this interpretation of the statute as well as this Court's belief that the defendant would not support a position that would preclude his access to potentially exculpatory material, this Court proceeds with the understanding that a court may review the confidential records to ensure that a defendant is not barred access to information that is both favorable and material to his defense. See Pennsylvania v. Ritchie, 480 U.S. 39, 60 (1987).

Even where due process requires that a court review confidential records *in camera*, a defendant generally does not have a right to unfettered access to such materials. See Ritchie, 480 U.S. at 60. In Pennsylvania v. Ritchie, the United States Supreme Court considered whether a criminal defendant had a constitutional right to obtain confidential records in possession of Pennsylvania's Children and Youth Services ("CYS"). Id. at 43-45. The defendant in Ritchie had issued a subpoena duces tecum demanding production of confidential reports held by CYS. CYS refused any disclosure citing confidentiality laws. Id. After a hearing, the trial judge, who had not fully reviewed the CYS reports as allowed by Pennsylvania statute, denied the defendant access to the records. Id. The United States Supreme Court held that where a state law explicitly provides for review of confidential records by a court, federal constitutional principles of due process require that the trial court perform an *in camera* review to determine whether the records contain information favorable to the defense and material to a determination of guilt or punishment. Id. at 57-58. The Court also held that a defendant is not entitled to complete access to records because a court's *in camera* review is sufficient to satisfy due process requirements. Id. at 59-61.

Here, the laws of Guam allow a court to review confidential documents to determine their relevancy to a criminal proceeding. Like the Pennsylvania statute in Ritchie allowing court review of confidential documents, title 19, section 13210(b)(2) of the Guam Code allows a court

to access protected CPS records. Such access is limited, however, to "inspection by the court only, unless the court determines that disclosure of the records to interested parties is necessary for the resolution of an issue pending before it." 19 GCA § 13210(b)(2). While the statute authorizes certain other parties to access confidential CPS reports, see 19 GCA § 13210(b)(1)-(8), Guam law prohibits disclosure of such information to third persons by any party except as provided by statute: "Any person who will willfully releases or permits the release of any such information to persons or agencies not permitted by this section shall be guilty of a felony of the third degree." 19 GCA 13210(a). In this case, the prosecution had statutory authority to access the CPS records. It provided those records to this court for *in camera* inspection rather than releasing them directly to the defendant. In doing so the prosecution complied with statutory and constitutional principles. This Court reviewed the CPS records and determines that a small portion of the materials contains discoverable information that will be released to the defendant.

The defendant is not, however, limited only to the information released to him by this Court. Title 19, section 13210(c) authorizes a perpetrator of child abuse to view specified confidential CPS records:

> At any time, a victim or alleged victim of child abuse, the parents of a victim or alleged victim of child abuse, **or a perpetrator or alleged perpetrator of child abuse**, after a court proceeding has been initiated regarding the abuse, may review, upon written request, all information contained in the central register or in any report filed pursuant to § 13203, except information which would identify the reporter of the abuse.

19 GCA 13210(c) (emphasis added). Notwithstanding this Court's review and limited release of information, the defendant is free to submit a request to CPS to review the specified documents.

Finally, this Court dismisses the defendant's remaining claims that the prosecution did not comply with discovery requests and violated a court order by disclosing information from a sealed case. By submitting the materials to this Court for *in camera* review the prosecution

complied with its ongoing duty to disclose discoverable, or in this case, potentially discoverable material to the defendant. Moreover, there is little indication that the prosecution took the CPS report from a sealed court record. Though copies of the CPS materials may form a portion of the sealed record in the PINS case, the original records are maintained in state files and made available to certain individuals and agencies, including the Office of the Attorney General. As previously discussed, the defendant has a right to access certain CPS records. Furthermore, the prosecution did not submit the CPS records as evidence in this case in violation of the Order; rather, the documents were merely provided as part of discovery and disclosed only to the Court. By attempting to provide the defendant with potentially favorable material the prosecution has done nothing less than meet its statutory and constitutional obligations and this Court finds no impropriety in such action.

## CONCLUSION

Based on the foregoing the defendant's motion for diversion is DENIED. The defendant's motion to reduce felony charges to misdemeanors is DENIED. The defendant's motion to strike is DENIED. Having reviewed the confidential CPS reports the Court finds that one page of the records contains discoverable material. A true and correct copy of the relevant page of the CPS report is attached hereto and labeled Exhibit "A." The Court hereby ORDERS that the remaining CPS records filed with the Court remain sealed. A trial setting will be held on December 13, 2011, at 3:00 p.m.

**IT IS SO ORDERED** this 17th day of November, 2011

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

NOV 17 2011

-10-